IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01734-PAB-KMT

MARIO HEREDIA,

     Plaintiff,

v.

PUBELO SCHOOL DISTRICT NO. 60,

     Defendant.

## ORDER

This matter is before the Court on the School District's Motion for Summary Judgment [Docket No. 58]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### I. BACKGROUND[1]

On February 19, 2013, defendant, a school district, hired plaintiff to work as a Childhood and Family Support and Outreach Coordinator/Translator. *See* Docket No. 58 at 2, ¶ 1. His appointments were for one year terms, subject to renewal. *Id.*, ¶ 2. His position was within the Early Childhood Department ("Department"), where he was the only male employee. *Id.*, ¶¶ 3-4. Part of plaintiff's responsibilities was "providing translation and outreach services to families." *Id.* at 3, ¶ 6. In November 2014, Darlene Bermudez became the Department supervisor. *Id.*, ¶ 8. Plaintiff "felt uncomfortable around Ms. Bermudez because he thought she was unfriendly to him." *Id.*, ¶ 9.

On March 6, 2015, Ms. Bermudez humiliated and embarrassed plaintiff when

---

[1] The following facts are undisputed unless otherwise indicated.

she told plaintiff, in front of his colleagues, that he was talking too much and that he needed to sit down. *Id.*, ¶¶ 10-11. Plaintiff recalls no other instances where Mr. Bermudez made him feel humiliated.[2] *Id.*, ¶ 12. However, Ms. Bermudez did shorten plaintiff's lunch breaks, lengthen his hours, and was unfair about travel time and annual leave. *Id.*, ¶ 13. Ms. Bermudez's supervisor discussed these issues with her, explaining that plaintiff's job had different benefits than other employees, and the situation was remedied. *Id.* at 4, ¶¶ 14, 16. Ms. Bermudez's supervisor, in that meeting, told Ms. Bermudez that she felt plaintiff was overwhelmed with his job responsibilities. *Id.*, ¶ 15.

Before the start of the 2015-2016 school year, Ms. Bermudez and plaintiff reviewed plaintiff's job responsibilities and performance expectations. *Id.*, ¶ 17. Ms. Bermudez assigned plaintiff's responsibility to increase community awareness of the preschool program to the preschool coach, who Ms. Bermudez believed was in a better

---

[2] Plaintiff denies this fact. *See* Docket No. 63 at 2, ¶ 12. However, his denial is unsupported. The two documents he cites are irrelevant. First, plaintiff cites his deposition, but those portions of his deposition merely say that he felt humiliated generally and there are no examples of discrimination. *See id.* (citing Docket No. 63-3). Second, the portion of the deposition that defendant cites specifically states that plaintiff cannot recall any other instances of discrimination. *See* Docket No. 58 at 3, ¶ 12. (citing Docket No. 58-1 at 20). Third, portions of the deposition that plaintiff cites to are not included in the exhibit. Thus, not only do plaintiff's citations show that plaintiff did not identify a single other instance of humiliation, his own testimony says that he did not. Federal Rule of Civil Procedure 56(e)(2) permits a court to deem a fact not "properly address[ed]" as "undisputed for purposes of the motion." *See* Fed. R. Civ. P. 56(e)(2); *see also* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer § III.F.3.b.iv (stating that a denial must be accompanied by a "specific reference to material in the record supporting the denial"); *see also id.*, § III.F.3.b.ix ("Failure to follow these procedures . . . may cause the Court to deem certain facts as admitted.") Given plaintiff does not properly cite to evidence in the record and fails to cite relevant evidence to dispute defendant's statement, the Court deems this fact admitted.

position to "facilitat[e] community partnerships."[3] *Id.*, ¶¶ 19-20. That same year, plaintiff asked to be relieved of two other responsibilities. *Id.*, ¶ 21. Prior to the 2016-2017 school year, Ms. Bermudez removed several other responsibilities from plaintiff's job description. *Id.* at 5, ¶ 28. Plaintiff did not ask why those responsibilities were transferred. *Id.* at 6, ¶ 32. Sometime that year, Ms. Bermudez allowed the preschool coaches to leave earlier than plaintiff was allowed to leave to attend a meeting. *Id.*, ¶ 33. That was the only time plaintiff recalls where Ms. Bermudez monitored plaintiff's travel time or made him use his lunch break for travel. *Id.*, ¶ 35.

At the beginning of the 2017 spring semester, Ms. Bermudez assessed the Department's needs and determined that sixteen of the responsibilities in plaintiff's job description were either being completed by other members of the Department or could be.[4] *Id.*, ¶¶ 36-37. On February 24, 2017, Ms. Bermudez sent an email to her boss and the Superintendent recommending that plaintiff's position be eliminated as a cost-savings measure. *Id.*, ¶ 38. On May 18, 2017, defendant informed plaintiff that his job was being eliminated and his last day would be June 30, 2017. *Id.*, ¶ 39. On June 22, 2017, plaintiff filed a written complaint with defendant alleging that his termination was

---

[3] Plaintiff denies this fact, however points to no record support for his denial. *See* Docket No. 63 at 2, ¶ 20. Plaintiff cites his deposition testimony that he felt micromanaged, but offers no support for his denial that the preschool coach's position better aligned with community awareness. *See* Docket No. 63-3 at 14. Additionally, the other deposition testimony he identifies discusses a different incident. *Id.* at 15. Accordingly, the Court deems this fact admitted.

[4] Plaintiff denies this fact, but again only offers his own testimony that he believed the reassignment was a guise to fire him. *See* Docket No. 63 at 3, ¶ 37. Plaintiff offers no evidence to dispute that the responsibilities could be absorbed by other members of the Department or that Ms. Bermudez believed they could. Accordingly, this fact is deemed admitted.

wrongful. *Id.* at 7, ¶ 40. A month later, a female employee also submitted a complaint regarding Ms. Bermudez. *Id.*, ¶ 41. An outside investigator hired by defendant determined that some of Ms. Bermudez's actions may have been based on gender. *Id.*, ¶ 43. On December 28, 2017, plaintiff filed a Charge of Discrimination, asserting claims of reverse gender discrimination and retaliation. *Id.*, ¶ 44. After receiving the outside investigative report, defendant offered to re-hire plaintiff with retroactive pay in a different position at a different school so that he would not be supervised by Ms. Bermudez. *Id.* at 7-8, ¶¶ 47-52. Plaintiff rejected the offer. *Id.* at 8, ¶ 53. Plaintiff's position as a Coordinator/Translator has not been filled since it was eliminated. *Id.*, ¶ 56.

On June 13, 2019, plaintiff filed suit. *See* Docket No. 1. In his amended complaint, plaintiff asserts two claims: (1) violation of Title VII, 42 U.S.C. § 2000e, for hostile work environment, disparate treatment, and discrimination in terms and conditions of employment and (2) a state law claim for wrongful discharge in violation of pubic policy. *See* Docket No. 47 at 7-9. On December 18, 2020, defendant filed a motion for summary judgment on plaintiff's first claim. *See* Docket No. 58.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim.

*Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

### A. Statute of Limitations

Defendant first seeks to dismiss plaintiff's Title VII claims on the basis that any adverse actions that took place before March 2, 2017 are barred by the statute of limitations. *See* Docket No. 58 at 9. Plaintiff argues that "harassment and discrimination were a constant event at work," and, as a result, he has claims between March 2, 2017 and his termination on June 30, 2017. Docket No. 63 at 7. The Court agrees with defendant.

A claim under Title VII must be "preceded by filing a charge of discrimination with the EEOC [or appropriate state agency] and receipt of a 'Right-to-Sue' letter." *See Harp v. Dep't of Human Servs.*, 932 F. Supp. 2d 1217, 1224 (D. Colo. 2013) (citing 42 U.S.C. § 2000e-5). "It is well-settled that a claim under Title VII cannot be brought with respect to discrete acts of discrimination that occur more than 300 days prior to the filing of the charge." *Id.* (citations omitted). Specifically, "each discrete incident of [discrimination] constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *See Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (quotations omitted). Accordingly, plaintiff's hostile work environment, disparate treatment, and terms and conditions claims are only timely if "they were the subject of an EEOC charge filed within 300 days of the alleged acts of discrimination or retaliation." *Harp*, 932 F. Supp. at 1225.

Plaintiff filed his charge on December 28, 2017. *See* Docket No. 58 at 7, ¶ 44. Accordingly, only actions taken after March 2, 2017 are actionable. There is no

evidence in the record of any discrete discriminatory acts that occurred after March 2, 2017, other than his termination, which happened on June 30, 2017 (or May, when he was informed that he was being terminated). While plaintiff argues that the discrimination was continuous, he points to no evidence identifying any specific act of discrimination. *See* Docket No. 63 at 8. Instead, plaintiff testified that he could not recall any acts of discrimination other than a single act on March 6, 2015. *See* Docket No. 58 at 3, ¶ 12. Moreover, the evidence in the record regarding the terms and conditions of his employment is that all of his job responsibilities were altered before the 300 day deadline. Plaintiff had his job responsibilities altered five times. Three times in 2015 and twice in 2016. *See* Docket No. 58 at 4-5, ¶¶ 19-21, 29-30. And, two of the three times in 2015 were at plaintiff's instigation. *See id.* at 4, ¶ 21. Even if the three other reassignments of responsibility were discriminatory, they fall outside the 300 day window. Given that the only undisputed evidence in the record is that plaintiff cannot identify a single act of discrimination other than one incident in 2015 and several reassignments of responsibility in 2015 and 2016, any claim based on these incidents fails as a matter of law.

As a result, the only claim that survives is plaintiff's claim that he was terminated in violation of Title VII.

### B. Wrongful Termination

Courts generally apply the *McDonnell Douglas* three-step burden shifting framework to a Title VII discrimination claim. *See Fassbender v. Correct Care Sols., LLC*, 890 F.3d 875, 883 (10th Cir. 2018) (citing *Hiatt v. Colo. Seminary*, 858 F.3d 1307,

1315-16 (10th Cir. 2017)). Under the first step, plaintiff must "establish a prima facie case of discrimination." *Id.* (citing *Bird v. W. Valley City*, 832 F.3d 1188, 1200 (10th Cir. 2016)). Ordinarily, a plaintiff must demonstrate that he is (1) "a member of a protected class (2) who was terminated (3) despite being qualified for her position, and (4) the job wasn't eliminated." *Id.* For a reverse discrimination case – a situation where a non-protected class is alleging discrimination – "a prima facie case of discrimination requires a stronger showing." *See Argo v. Blue Cross and Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006). "[I]n lieu of showing that he belongs to a protected group, [plaintiff] must establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority." *Id.* (citation omitted). "Alternatively, a plaintiff may produce facts sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred." (citation and quotation omitted). Plaintiff fails under either measure.

First, the Court finds that there are insufficient "background circumstances," *id.*, to support an inference that plaintiff was fired for being a man. Even assuming Ms. Bermudez made gender-based comments throughout plaintiff's tenure, the only evidence in the record regarding plaintiff's termination is that defendant made a determination that his position was no longer needed.[5] *See* Docket No. 58 at 6, ¶ 38.

---

[5] Plaintiff's response, at various points, cites the report of the independent investigator who determined that Ms. Bermudez's behavior was partly motivated by gender. *See, e.g.*, Docket No. 63 at 8, 9. But, as defendant notes, plaintiff has failed to demonstrate that the report is admissible. *See* Docket No. 64 at 8. In some circumstances, a report such as the one plaintiff identifies could be admissible but, in other circumstances, it may not. *See Tuffa v. Flight Servs. & Sys., Inc.*, 644 F. App'x 853, 856 (10th Cir. 2016) (unpublished) (affirming district court's refusal to admit report that an employer likely violated Title VII); *Wright-Simmons v. City of Okla. City*, 155 F.3d

Moreover, plaintiff's position has still not been filled. *See id.* at 8, ¶ 56. In *Argo*, the Tenth Circuit determined that the plaintiff failed to present a prima facie case of reverse discrimination because the plaintiff had "produced no evidence that the position remained open or that he was replaced by a woman." 452 F.3d at 1202. Moreover, the fact that plaintiff was the only male in the department is insufficient to create an inference of reverse discrimination. *See Held v. Ferrellgas, Inc.*, 505 F. App'x 687, 690 (10th Cir. 2012) (unpublished) (reasoning that being "the only man among the five-person team" was insufficient to demonstrate a prima facie case of reverse gender discrimination).

Second, the Court finds that plaintiff cannot establish that he would not have been fired "but for" being a male. In a reverse discrimination case, a defendant can rely on background, circumstantial evidence to demonstrate an inference of discrimination, or "present direct proof of discriminatory intent." *Adamson v. Multi Community Diversified Servs., inc.*, 514 F.3d 1136, 1150 (10th Cir. 2008). Plaintiff has offered no evidence at all of direct discrimination. The only evidence in the record is that plaintiff, "an at-will employee who was terminated from his job, happened to be a man." *Id.* The record evidence shows that plaintiff's job duties could be completed by other individuals and that it would be cheaper to have those individuals take on plaintiff's job

---

1264, 1268-69 (10th Cir. 1998) (admitting independent report regarding employer's discrimination). Plaintiff "do[es] not cite any rule of evidence or any case law that makes these alleged admissions admissible . . . and the Court declines, in the absence of explication or analysis from plaintiff[] to guess as to [his] reasoning." *See Great N. Ins. Co. v. NGL Warehouse, LLC*, No. 14-cv-03233-PAB-NYW, 2017 WL 219317, at *1 (D. Colo. Jan. 17, 2017). Accordingly, the Court does not consider the report in its analysis.

responsibilities. Moreover, there is no evidence that Ms. Bermudez – the only person who plaintiff alleges was discriminatory – actually was the one who decided to fire him. Rather, the evidence states that Ms. Bermudez created the report demonstrating the cost savings and presented that report to her boss and the superintendent. But comments "by non-decisionmakers are not material." *See Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994). Even if Ms. Bermudez discriminated against plaintiff, there is no evidence suggesting that her discrimination was the motivation for plaintiff's firing. *See Fassbender*, 890 F.3d at 883 (finding that a plaintiff must demonstrate that the supervisor "acted on his or her discriminatory beliefs"). Accordingly, plaintiff has failed to demonstrate, based on the evidence in the record, that but for his gender, he would not have been fired.

As a result, defendant is entitled to summary judgment on plaintiff's claim for wrongful discharge based on Title VII.

### C.  Remaining State Law Claims

Plaintiff's remaining claim arises under state law. *See* Docket No. 47 at 9. Although the Court may exercise supplemental jurisdiction over state law claims if there is a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." The Tenth Circuit has instructed that, "if federal claims are dismissed before trial, leaving only issues of state law," courts should "decline to exercise pendent jurisdiction . . . absent compelling reasons to the contrary." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010)

(alterations, citations, and quotations omitted). This rule is consistent with "[n]otions of comity and federalism," which "demand that a state court try its own lawsuits." *Id.* at 1230 (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

Plaintiff does not argue that the Court should retain jurisdiction over his state law claims if his federal claim is dismissed, and the Court does not find any compelling reason to do so. Accordingly, plaintiff's second claim will be dismissed without prejudice. *See Thompson v. City of Shawnee*, 464 F. App'x 720, 726 (10th Cir. 2012) (unpublished) (holding that, when declining to exercise supplemental jurisdiction over state-law claims, the court "had discretion either to remand the claims to the state court or to dismiss them"); *see also* Colo. Rev. Stat. § 13-80-111 (permitting claims properly commenced within the statute of limitations to be re-filed if involuntarily dismissed because of lack of jurisdiction); *Artis v. Dist. of Columbia*, 138 S. Ct. 594, 598 (2018) (holding that 28 U.S.C. § 1367(d) tolls the statute of limitations for state law claims asserted under § 1367(a) during the pendency of the federal litigation in which such claims are brought and for thirty days following involuntary dismissal of those claims on jurisdictional grounds).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the School District's Motion for Summary Judgment [Docket No. 58] is **GRANTED in part** and **DENIED in part**. It is further

**ORDERED** that plaintiff's first claim for relief is **DISMISSED** with prejudice. It is further

**ORDERED** that plaintiff's second claim for relief is **DISMISSED** without prejudice. It is further

**ORDERED** that judgment shall enter for defendant and against plaintiff on all claims. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendant may have its costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is closed.

DATED September 30, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge